NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 4, 2009[*]
Decided February 5, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-2531

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 05 CR 30133 |
| | |
| JAMES ROLLINS, SR., | David R. Herndon, |
| *Defendant-Appellant.* | *Chief Judge.* |

**O R D E R**

While he was represented by counsel, James Rollins filed successively a motion for a new trial and a motion to reconsider. The district court struck both motions. He appeals the district court's orders and we affirm.

After a jury trial, Rollins was convicted in February 2007 of one count of distributing cocaine, *see* 21 U.S.C. § 841, and sentenced to 97 months' imprisonment. In March 2008,

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. FED. R. APP. P. 34(a)(2).

while the direct appeal was pending, *see United States v. Rollins*, 544 F.3d 820 (7th Cir. 2008), Rollins filed in the district court a pro se motion for a new trial. In the motion he argued, among other things, that he had learned only recently of his right to override counsel's decision at trial not to call him to testify. In May 2008, the district court, citing *United States v. Gwiazdzinski*, 141 F.3d 784 (7th Cir. 1998), struck the motion because Rollins filed it pro se while represented by counsel. The district court added that the motion was untimely, "far exceed[ing] the [seven day] filing deadline mandated under Rule 33." The following month, the court similarly struck Rollins's motion to reconsider, which also had been filed pro se while Rollins was still represented. In any event, the court also noted, a "motion for reconsideration" is nowhere authorized under the Federal Rules of Criminal Procedure.

On appeal Rollins argues that the district court misinterpreted *Gwiazdzinski,* which, he asserts, only prohibits a defendant from filing a pro se *brief* on appeal while he is represented by counsel. The case says nothing, he asserts, to bar a pro se *motion* from being filed in the district court. Rollins misreads *Gwiazdzinski*. That case also involved a motion—a pro se motion to dismiss the indictment—that we declined to accept because the defendant filed it while represented by counsel. *See Gwiazdzinski*, 141 F.3d at 787. Rollins has no right to file a pro se brief *or* motion in any court while counsel represents him. *See Id.*; *Hayes v. Hawes*, 921 F.2d 100, 101-02 (7th Cir. 1990).

Rollins also argues that the district court improperly struck his motion for a new trial because he discovered new evidence—which he describes as his realization that he had a right to override counsel's decision to prevent him from testifying. This argument is frivolous. The discovery of a legal right does not equate with the discovery of new evidence. Rollins may not have realized the legal significance of counsel's actions until after trial, but this information was within his knowledge at the time of trial, and thus was not newly discovered. *See United States v. Gootee*, 34 F.3d 475, 479 (7th Cir. 1994); *United States v. Ellison*, 557 F.2d 128, 133 (7th Cir. 1977).

AFFIRMED.